IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LISA WALLACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-2296-CM |
| | ) |
| MICHAEL J. ASTRUE, Commissioner of | ) |
| the United States Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This is a Title VII employment case in which the plaintiff, Lisa Wallace, alleges the defendant, the Social Security Administration ("SSA"), terminated her employment in retaliation for plaintiff serving as a witness for a former SSA employee in that employee's equal employment opportunity ("EEO") complaint and civil suit for discrimination against the SSA. Currently before the undersigned U.S. Magistrate Judge, James P. O'Hara, is defendant's motion **(doc. 20)** to compel plaintiff to file complete responses to defendant's first request for production of documents.[1] Plaintiff did not file a timely response to the motion. The court is now prepared to rule.

D. Kan. Rule 7.4 provides, "If a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion,

---

[1] *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

and ordinarily will be granted without further notice." Because plaintiff has not filed a response to defendant's motion to compel, it is hereby granted as unopposed.

Plaintiff is ordered to supplement her responses to Nos. 4, 6–10, and 18 of defendant's first request for production of documents no later than **August 14, 2009**. In so doing, plaintiff shall comply with the following:

1. Plaintiff shall list and produce *all* responsive documents she has in her "possession, custody, or control."[2] It is not sufficient, for example, for plaintiff to simply list and produce a copy of her settlement letter in response to requests for all documents that support her claims for damages and back pay.[3]

2. To the extent that plaintiff does not have documents responsive to a request in her possession, custody, or control, she should specifically so state.

3. Plaintiff shall produce all responsive documents that she legally has a right to obtain from current and past employers. "A party need not have actual possession of documents to be deemed in control of them. A party that has a legal right to obtain certain documents is deemed to have control of the documents."[4]  "'Control'

---

[2] Fed. R. Civ. P. 34(a)(1).

[3] *See* Plaintiff's Responses to Defendant's First Request for Production of Documents, Nos. 4, 6, & 7.

[4] *Stoldt v. Centurion Indus., Inc.*, No. 03-2634, 2005 WL 375667, at *7 (D. Kan. Feb. 3, 2005) (internal quotation marks and citations omitted).

comprehends not only possession, but also the right, authority, or ability to obtain the documents."[5]

Defendant's motion to compel also requests that the court require plaintiff to pay the reasonable expenses incurred by defendant in bringing the motion to compel. Fed. R. Civ. P. 37(a)(5)(A) provides, in relevant part, that when a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Defendant is directed to file an affidavit which includes the time and related expenses incurred in filing the instant motion no later than **August 7, 2009**. Plaintiff is directed to show cause in writing to the undersigned, no later than **August 14, 2009**, why the requested sanctions and related expenses should not be assessed against her for failure to fully respond to defendant's discovery requests as well as to defendant's motion to compel.

IT IS SO ORDERED.

Dated this 27th day of July, 2009, at Kansas City, Kansas.

  s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[5]*Tomlinson v. El Paso Corp.*, 245 F.R.D. 474, 476 (D. Colo. 2007) (citing *Super Film of Am., Inc. v. UCB Films, Inc.*, 219 F.R.D. 649, 651 (D. Kan. 2004)).