# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LISA WALLACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | No. 08-2296-CM |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of the United States Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff Lisa Wallace brings this Title VII employment lawsuit against defendant Michael Astrue, Commissioner of the United States Social Security Administration ("SSA"). In her complaint, plaintiff alleges defendant terminated her employment in retaliation for plaintiff serving as a witness for a former SSA employee in that employee's equal employment opportunity ("EEO") complaint and civil suit for discrimination against the SSA. Currently before the court is Plaintiff's Motion to Continue Trial and Grant Leave to File a Motion for Sanctions Against Defendant (Doc. 40).[1]

Plaintiff's claim is based, in part, on allegations that Mark Sparks retaliated against her. During discovery plaintiff requested all documents pertaining to complaints or grievances against Mr. Sparks. In response to the request, defendant said that no such complaints were file during the relevant time period.

---

[1] Plaintiff requests leave to file a motion for sanctions. No such relief is necessary. Plaintiff may file a motion for sanctions without leave from the court.

This matter is set for trial on February 1, 2010. As the parties prepared for trial, it became apparent that another SSA employee, Jerry West, had filed a workers' compensation claim against Mark Sparks—the claim involved allegations that Mr. Sparks harassed and retaliated against Mr. West. Defendant concedes that Mr. West's EEO complaint should have been disclosed, but argues that the information is irrelevant and inadmissible.

Based on the parties' briefs, it appears that neither party has a copy of Mr. West's EEO complaint, although defense counsel is trying to locate the complaint. Plaintiff argues that she cannot determine the relevancy and admissibility of the evidence because she does not have the evidence. As plaintiff points out in her brief, evidence is relevant, for discovery purposes, if it may lead to the discovery of admissible evidence. The EEO complaint of another employee alleging similar actions by the same individual may lead to the discovery of admissible evidence.

Regardless of the reason the information was not produced during discovery, plaintiff has not had an opportunity to discover evidence that might be relevant or lead to additional relevant evidence. Plaintiff will be prejudiced if she is not allowed to inquire about the previous complaint filed against Mr. Sparks. Continuing the trial will accomplish the purpose of the requested continuance—it will provide the parties with additional time to investigate the newly-discovered complaints. Although the parties and the court are prepared to begin trial on February 1, 2010, the court believes fairness requires a continuance under the circumstances of this case. After considering the factors set forth in *Smith v. Argent Mortgage Company*, 331 F. App'x 549, 555 (10th Cir. 2009), the court grants plaintiff's motion to continue the trial for the limited purpose of conducting discovery on Mr. West's EEO complaint against Mr. Sparks. The magistrate judge will schedule the limited discovery and rule on any issues governing discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Continue Trial and Grant Leave to File a Motion for Sanctions Against Defendant (Doc. 40) is granted. The parties may conduct limited discovery regarding Mr. West's EEO complaint against Mr. Sparks, to be scheduled by the magistrate judge.

Dated this 26th day of January, 2010 at Kansas City, Kansas.

                                                **s/ Carlos Murguia**
                                                **CARLOS MURGUIA**
                                                **United States District Judge**