# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LISA WALLACE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL J. ASTRUE, Commissioner ) <br> of the United States Social Security ) <br> Administration, ) <br> ) <br> Defendant. ) <br> ) | CIVIL ACTION <br> No. 08-2296-CM |

## MEMORANDUM AND ORDER

Plaintiff Lisa Wallace brings this Title VII employment lawsuit against defendant Michael Astrue, Commissioner of the United States Social Security Administration ("SSA"), alleging defendant terminated her employment in retaliation for plaintiff serving as a witness for a former SSA employee in that employee's equal employment opportunity ("EEO") complaint and civil suit for discrimination against the SSA. Currently before the court is Plaintiff's Motion to Alter or Amend Order (Doc. 50).

During discovery Plaintiff's Document Request No. 22 requested the following documents:

> Other than those documents pertaining to employees Lela Henry, Lisa Wallace and Stanley Dunbar, all documents pertaining to any complaint and grievance of any kind filed or made by any employee within Region 7 against Mark Sparks, Bud Nolker and Elaine Pettiford for the period January 1, 2000 through December 31, 2007.

In response to the request, defendant said that no such complaints were filed during the relevant time period. As the parties prepared for trial, it became apparent that defendant had inadvertently failed to disclose documents that were responsive to plaintiff's request. On a motion by plaintiff, the

court continued the trial date and ordered that the parties conduct limited discovery regarding Jerry West's EEO complaint against Mr. Sparks. Plaintiff requests that the court reconsider its prior order and order the following:

> The parties may conduct limited discovery regarding Mr. West['s] EEO complaint against Mr. Sparks, Mr. West's worker compensation claim wherein Mr. West alleges that he was harassed and retaliated against by Mr. Sparks and any other claim, grievance or complaint of any kind by any other employee within Region of SSA alleging harassment, retaliation, discrimination or any other type of wrongful conduct toward that employee by Mr. Sparks that was not previously disclosed by Defendant to Plaintiff in response to Request 22 of Plaintiff's First Request for Production of Documents to Defendant.

Although plaintiff filed its motion under Federal Rule of Civil Procedure 59(e), the court will consider it under Local Rule 7.3(b), which governs motions to reconsider non-dispositive motions. D. Kan. Rule 7.3(b). Motions to reconsider must be based on (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. *Id.*

Since the court's order granting limited discovery, defendant has located additional documents responsive to plaintiff's original request that were not previously disclosed. Defendant concedes that it did not conduct a thorough search of its records and represents that it is now conducting such a search. Despite admitting that it failed to produce responsive documents, defendant objects to plaintiff's request for additional discovery. Defendant argues that plaintiff is attempting to reopen discovery and broaden the scope of its original request. During the original discovery period, plaintiff was unaware of the complaints against Mr. Sparks because defendant failed to search for and produce documents responsive to plaintiff's requests, and thus, did not have an opportunity to conduct additional discovery regarding the complaints. Now, after discovery has

closed and as the parties are preparing for trial, defendant has found multiple documents responsive to plaintiff's original request.

The court, however, recognizes the burden that searching for "any other claim, grievance or complaint of any kind by any other employee within Region of SSA alleging harassment, retaliation, discrimination or any other type of wrongful conduct toward that employee by Mr. Sparks that was not previously disclosed by defendant to plaintiff in response to Request 22 of Plaintiff's First Request for Production of Documents to Defendant" would create for defendant. Plaintiff has not presented argument on why it should be allowed to broaden its original request. After reviewing the parties' argument, and considering that additional responsive documents have recently been located, the court finds that the proper course is to allow plaintiff to conduct discovery on its original request, Plaintiff's Document Request No. 22, and the complaints and grievances disclosed pursuant to the request. The Magistrate Judge will schedule the limited discovery and rule on any issues relating to the discovery.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter or Amend Order (Doc. 50) is granted in part and denied in part. The parties may conduct discovery on Plaintiff's Document Request No. 22, and the complaints and grievances disclosed pursuant to the request. The Magistrate Judge will schedule the limited discovery and rule on any issues relating to the discovery.

Dated this 17th day of February, 2010 at Kansas City, Kansas.

          **s/ Carlos Murguia**
          **CARLOS MURGUIA**
          **United States District Judge**